UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADOLFO BAUTISTA HERRERA,<br><br>        Plaintiff,<br><br>v.<br><br>GRAND SPORTS ARENA, LLC, D/B/A CHICAGO MUSTANGS PRO, MASL SOCCER, LLC D/B/A MAJOR ARENA SOCCER LEAGUE AND/OR MASL SOCCER PRO, and ARMANDO GAMBOA, individually,<br><br>        Defendants. | |

**COMPLAINT AT LAW**

Plaintiff, Adolfo Bautista Herrera ("Bautista"), by and through his attorneys, Caffarelli & Associates Ltd., for his Complaint against Defendants Grand Sports Arena, LLC, d/b/a/ the Chicago Mustangs Pro soccer club ("Mustangs"), MASL Soccer, LLC d/b/a Major Arena Soccer League and/or MASL Soccer Pro ("MASL"), and Armando Gamboa, individually ("Gamboa") (collectively "Defendants"), states as follows:

**NATURE OF ACTION**

1.      This diversity lawsuit arises under the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1 *et seq*. ("IWPCA"), for Defendants' failure to provide Bautista with his earned compensation per the agreement between the parties, Defendants Mustangs and Gamboa's retaliation against him in violation of the IWPCA, Defendants Mustangs and Gamboa's violation of the Illinois Right to Publicity Act, 765 Ill. Comp. Stat. 1075/1, *et seq*., and the Defendant Mustangs' breach of contract.

## JURISDICTION AND VENUE

2. This court has jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(2) because Plaintiff is a citizen of Mexico, Defendants Mustangs and Gamboa are citizens of the State of Illinois, Defendant MASL is a citizen of the State of Delaware, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

3. The vast majority of the events and omissions giving rise to Plaintiff's claims described herein were committed within the State of Illinois in or around the Grand Sports Arena and at the Sears Centre in Hoffman Estates, Cook County. Accordingly, venue in the Eastern Division of the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Bautista is a citizen of Mexico and internationally acclaimed professional soccer player. On December 8, 2015, Bautista and the Mustangs, under the purview of, subject to the approval of, and for the benefit of MASL, executed a contract for Bautista to play soccer for the Mustangs for a two-year term ("Contract"). See Exhibit A. On December 16, 2015, the parties executed an Addendum to Contract ("Addendum"), which superseded the terms of the December 8, 2015 contract. See Exhibit B. The Addendum again provided for Bautista to play soccer for the Mustangs for a two-year term, starting on December 7, 2015.

5. Defendant Mustangs is a professional indoor soccer team and member of Defendant Major Arena Soccer League. The Mustangs are based out of the Sears Centre in Hoffman Estates, Illinois.

6. Defendant MASL, by virtue of it's involvement and participation in Bautista's contract with the Mustangs, imposition of rules, regulations, and limitations on his employment with the Mustangs, and promulgation of rules, bylaws, fines, and other requirements between the

Mustangs and Bautista, and actions of its agent Defendant Gamboa, acted directly or indirectly in the interest of the Mustangs in relation to Plaintiff.

7. Defendant Gamboa is the President, CEO, and Head Coach of the Mustangs, as well as an agent of MASL. At all relevant times, Gamboa was Bautista's boss, had the authority to hire and fire Bautista, and had the power to determine the amount and allocation of Bautista's compensation, as well as whether and when to pay or withhold such compensation.

8. At all relevant times, Bautista was an "employee" of the Defendants as defined by the IWPCA, 820 Ill. Comp. Stat. §§ 115/2, 115/13.

9. At all relevant times, Gamboa, the Mustangs and the MASL were "employers" of Bautista as defined by the IWPCA, 820 Ill. Comp. Stat. §§ 115/2, 115/13.

## FACTUAL ALLEGATIONS

10. Adolfo "El Bofo" Bautista is a professional soccer player, who has played for multiple professional and amateur soccer leagues throughout Mexico and the United States since the age of 18. See https://en.wikipedia.org/wiki/Adolfo_Bautista.

11. Bautista is a world-class player, who from 2004-07 and 2010-11 starred for Chivas de Guadalajara, a first-division Mexican soccer club and historically one of the best and most famous teams in Mexico. See https://en.wikipedia.org/wiki/C.D._Guadalajara.

12. From 2002-10, Bautista was named to Mexico's national soccer team, and played for the Mexican squad in the 2010 FIFA Soccer World Cup in South Africa. Bautista remains an extremely popular player in Mexico and abroad, and he continues to be invited to participate in "legends" exhibition games for his former club Chivas de Guadalajara.

13. In 2015, based upon Bautista's continued high popularity and acclaim, Gamboa recruited Plaintiff to play with the Mustangs with the intent of boosting ticket sales and increasing advertising and sponsorship revenue.

14. On December 8, 2015, the Mustangs, by and through Gamboa, and Bautista executed a standard MASL contract for Plaintiff to play soccer for the Mustangs through the year 2017. Gamboa signed the Contract on behalf of the Mustangs as its President and CEO, and as an agent for and for the benefit of the MASL. A true and correct copy of the contract is attached as Exhibit A ("Contract").

15. On December 16, 2015, the parties executed a document entitled Addendum to Contract, which superseded the Contract. The Addendum provided that the Mustangs would employ Bautista as a player for the 2015/2016 season, starting on December 7, 2015 and ending October 31, 2016 ("2015/2016 Season"), and for the 2016/2017 season, starting on November 1, 2016 and ending October 30, 2017 ("2016/2017 Season"). A true and correct copy of the Addendum is attached as Exhibit B ("Addendum").

16. The Addendum provides, in part, that for the 2015/2016 Season, the Chicago Mustangs would employ Bautista as a player in return for a base salary of $10,000 per month, plus a $1,700 per-month rent allowance. In addition, the Addendum provides that in the event the paid attendance at the Mustangs' games is over 6,000 per month, Bautista would receive a $2,000 bonus for that month.

17. Further, the Addendum provides, in part, that for the 2016/2017 Season, the Chicago Mustangs would employ Bautista as a player in return for a base salary of $15,000 per month, plus a $1,700 per-month rent allowance.

18. The Addendum also states that "Adolfo Bautista Herrera owns the rights to his image; Chicago Mustangs can't utilize Bautista's image." See Exhibit B.

19. Gamboa signed the Addendum on behalf of the Mustangs as the Mustangs' President and CEO, and as an agent for and for the benefit of MASL.

20. From December 2015 through December 2016, the Mustangs repeatedly and consistently used Bautista's image without his authorization. The Mustangs posted photos of the Plaintiff on social media and their corporate website and used his image to promote ticket sales.

21. As the parties had agreed, Bautista played soccer for the Mustangs.

22. On multiple occasions throughout the 2015/2016 season, paid attendance at the Mustangs' games exceeded 6,000 per month; however, Defendants did not pay Bautista his earned $2,000 bonus.

23. Beginning in or about April 2016, Defendants altogether stopped paying Bautista his monthly salary.

24. Beginning on or about April 2016, Bautista began complaining to Gamboa that he was not being compensated.

25. Gamboa responded by repeatedly requesting that Bautista wait and follow up with him several days later. Bautista continued to contact Gamboa to request his pay approximately every two to fifteen days.

26. Defendants did not resume paying Plaintiff.

27. In or about October 2016, the Mustangs began excluding Plaintiff from team events. Plaintiff again met with Gamboa and demanded Defendants pay him pursuant to their agreement.

28. In mid-November 2016 Bautista again complained to Gamboa that he was not being paid, and informed Gamboa that he would be seeking legal redress.

29. On or about November 30, 2016, Gamboa concurrently issued two letters to Bautista, purportedly on behalf of the Mustangs. One letter copied the MASL and wrongly alleged, for the first time, that Plaintiff had broken multiple terms of the Contract; consequently, Defendants levied multiple fines against Plaintiff putatively pursuant to MASL rules and indicated that the fines may be amended or the contract terminated "as information may come to the attention of the Chicago Mustangs and/or the Major Arena Soccer League." The second undated letter stated that Bautista was being suspended pending further notice and was not permitted to participate in the Mustangs during the suspension.

30. On or about December 1, 2016, Plaintiff, by and through his counsel, contacted Gamboa in writing to request a copy of Bautista's personnel records as a matter of right under the Illinois Personnel Records Review Act, 820 ILCS 40/0 et seq. Plaintiff informed Gamboa, through counsel, that he and the Mustangs had breached the Addendum and had wrongly failed to pay Bautista his wages.

31. Defendants refused to produce a copy of Bautista's personnel records. Instead, on or about December 19, 2016, Defendants terminated Bautista via a letter dated December 15, 2016, terminated his employment visa, and again wrongfully demanded payment of multiple MASL-proscribed fines for alleged conduct violations, none of which justified Defendants' prior breach of the Contract or Addendum.

### COUNT I – ILLINOIS WAGE PAYMENT AND COLLECTION ACT
### FAILURE TO PAY ALL WAGES (Against all Defendants)

32. Plaintiff restates and incorporates Paragraphs 1 through 31 as though fully set forth herein.

33. At all relevant times herein, Defendants have been Bautista's "employers" as defined in the IWPCA. 820 Ill. Comp. Stat. §§ 115/2, 115/13.

34. At all times relevant, Plaintiff was employed by Defendants as "employees" within the meaning of the IWPCA, 820 Ill. Comp. Stat. §§ 115/2, 115/13.

35. The Addendum executed by the parties constitutes an "agreement" under the IWPCA.

36. The IWPCA requires that employers pay employees all wages earned. 820 Ill. Comp. Stat. § 115/3.

37. "Wages," as defined by the IWPCA, include bonuses. 820 Ill. Comp. Stat. 115/2.

38. In violation of the IWPCA, Defendants failed and refused to pay Plaintiff his earned wages pursuant to the parties' agreement, including his monthly salary and bonuses.

WHEREFORE, Plaintiff, Adolfo Bautista Herrera, respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against the Defendants, including:

A. Awarding all back pay and unpaid wages;

B. Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

C. Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 115/14(a);

D. Awarding reasonable attorneys' fees and costs incurred in filing this action;

E. Entering an injunction precluding Defendants from violating the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1, et seq.; and

F. Ordering such additional relief as this Court deems just and proper.

## COUNT II – ILLINOIS WAGE PAYMENT AND COLLECTION ACT
## RETALIATION (Against the Mustangs and Gamboa)

39. Plaintiff restates and incorporates Paragraphs 1 through 31 as though fully set forth herein.

40. Plaintiff asserted his rights under the IWPCA by reporting and protesting that he had not be paid all of his earned compensation.

41. The Mustangs and Gamboa retaliated against Plaintiff in violation of the IWPCA by wrongfully levying fines against him, demanding payment for said fines, terminating his P-1 visa, suspending him from the team, and terminating his employment.

42. Plaintiff has and will suffer damages as a result of the Mustangs and Gamboa's actions as described in this Count.

43. The aforementioned acts of the Mustangs and Gamboa were willful, wanton, malicious, and oppressive, were undertaken with the intent to chill Plaintiff's and others' rights under the IWPCA.

WHEREFORE, Plaintiff, Adolfo Bautista Herrera, respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Gamboa and the Mustangs, including:

G. Awarding Plaintiff full legal and equitable relief pursuant to 820 Ill. Comp. Stat. § 115/14(c), including but not limited to punitive damages;

H. Awarding reasonable attorneys' fees and costs incurred in filing this action, in accordance with 820 Ill. Comp. Stat. § 115/14(c); and

I. Such other and further relief as this Court deems just under the circumstances.

## COUNT III – ILLINOIS RIGHT OF PUBLICITY ACT
### (Against the Mustangs and Gamboa)

44. Plaintiff restates and incorporates Paragraphs 1 through 31 as though fully set forth herein.

45. A person may not use an individual's identity for commercial purposes during the individual's lifetime without having obtained previous written consent from the individual. 765 Ill. Comp. Stat. 1075/30(a).

46. Mustangs and Gamboa used Plaintiff's name and image for commercial purposes beginning in December 2015 and through December 2016.

47. Mustangs and Gamboa did not obtain Plaintiff's written consent to use his identity for their commercial purposes.

48. To the contrary, on or about December 16, 2015, the Mustangs, as agreed to by Gamboa in his capacity as President and CEO, signed the Addendum and thus agreed in writing that Bautista owns the rights to his image and the Mustangs cannot utilize Plaintiff's image.

49. Plaintiff has and will suffer damages as a result of the Mustangs and Gamboa's actions as described in this Count.

50. The aforementioned acts of the Mustangs and Gamboa were willfully undertaken as demonstrated by the fact that the parties agreed in writing that the Mustangs could not use Plaintiff's image.

WHEREFORE, Plaintiff, Adolfo Bautista Herrera, respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against the Defendants, including:

A. Awarding Plaintiff actual damages, profits derived from the unauthorized use, or both, pursuant to 765 Ill. Comp. Stat. 1075/40(a);

B. Punitive damages pursuant to 765 Ill. Comp. Stat. 1075/40(b);

  C.  Awarding reasonable attorneys' fees and costs incurred in filing this action, in accordance with 820 Ill. Comp. Stat. § 115/14(c);

  D.  Entering an injunction precluding Defendants from using Plaintiff's identity pursuant to 765 Ill. Comp. Stat. 1075/50; and

  E.  Such other and further relief as this Court deems just under the circumstances.

## COUNT IV – BREACH OF CONTRACT
### (Against Chicago Mustangs)

51. Plaintiff restates and incorporates Paragraphs 1 through 31 as though fully set forth herein.

52. Plaintiff states Count IV in the alternative to, and without waiving, Counts I or II of his Complaint.

53. On or about December 8, 2015, the Mustangs and Bautista entered a Contract that provided Bautista would play soccer for the Mustangs for a two-year term.

54. On or about December 16, 2015, the Mustangs and Bautista amended the Contract with the Addendum. By the terms of the Addendum, Bautista agreed to play soccer for the Mustangs for a two-year term. In return, the Mustangs agreed to pay Bautista a base salary of $10,000 per month, plus a $1,700 per month rent allowance for the 2015/2016 Season. In addition, the Addendum provides that in the event the paid attendance at the Mustangs' games is over 6,000 per month, Bautista would receive a $2,000 bonus for that month. The Mustangs further agreed to pay Bautista a base salary of $15,000 per month, plus a $1,700 per month rent allowance for the 2016/2017 Season.

55. Plaintiff performed and satisfied his obligations under the Contract and Addendum by playing soccer for the Mustangs.

56. Beginning in or about April 2016, the Mustangs ceased paying Bautista.

57. By failing to pay Bautista pursuant to the terms of the Contract and Addendum, the Mustangs are in breach.

58. Plaintiff has suffered and continues to suffer damages as a result of the Mustangs' breach of contract.

WHEREFORE, Plaintiff, Adolfo Bautista Herrera, respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against the Defendants, including:

F. All amounts owed pursuant to the Addendum; and

G. Such other and further relief as this Court deems just under the circumstances.

Dated: January 20, 2017                       Respectfully submitted,
                                              ADOLFO BAUTISTA HERRERA

Alejandro Caffarelli, #06239078
Alexis D. Martin, #06309619
Caffarelli & Associates Ltd.
224 South Michigan Avenue, Suite 300          By: /s/ Alejandro Caffarelli
Chicago, Illinois 60604                           One of Plaintiff's attorneys
Tel. (312) 763-6880