# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ADOLFO BAUTISTA HERRERA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17-cv-0452 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| GRAND SPORTS ARENA, LLC, D/B/A | ) | |
| CHICAGO MUSTANGS PRO, MASL | ) | |
| SOCCER, LLC D/B/A/ MAJOR ARENA | ) | |
| SOCCER LEAGUE AND/OR MASL | ) | |
| SOCCER PRO, XOCHITL MEZA, and | ) | |
| ARMANDO GAMBOA, individually, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's statement of attorney's fees and costs [59]. For the reasons stated below, the Court awards Plaintiff $63,372.50 in attorney's fees and $400 in costs, for a total of $63,772.50 to be paid by Defendants Grand Sports Arena, LLC, d/b/a Chicago Mustangs Pro, Xochitl Meza, and Armando Gamboa (collectively the "GSA Defendants"). If Plaintiff wishes to recover the rest of the requested costs, he must submit additional documentation on or before December 18, 2018. If not, the Court shall enter final judgment in accordance with the accepted offer of judgment [54; 54-1], the stipulation of dismissal as to Defendant MASL Soccer, LLC [57], and this opinion no later than December 21, 2019 and close the case.

Finally, as a housekeeping matter, the Clerk is directed to terminate [61] as a pending motion given the Court resolved that motion in its order of June 7, 2018 [64].

I.  **Background**

Plaintiff seeks $65,422.00 in attorneys' fees,[1] which includes the time spent preparing the instant motion, and $1,195.00 in "expenses" pursuant to the offer of judgment under Federal Rule of Civil Procedure 68 ("Rule 68") he accepted from the GSA Defendants. [59, at 2.]

Plaintiff initially filed this lawsuit on January 20, 2017 against Defendants Grand Sports Arena, LLC, d/b/a Chicago Mustangs Pro ("GSA"), Armando Gamboa ("Gamboa"), Xochitl Meza ("Meza"), and MASL Soccer, LLC d/b/a Major Arena Soccer League ("MASL") (collectively "the Defendants").[2] [1.] Plaintiff alleged a variety of claims under the Illinois Wage Payment Collection Act, 802 Ill. Comp. Stat. 115/14(a) ("the IWPCA"), the Illinois Right to Publicity Act, 765 Ill. Comp.Stat. 1075/1, and common law contract. See generally [1], [41].

After settlement negotiations failed in August 2017 [34], Plaintiff filed its First Amended Complaint in October 2017. [41.] The case proceeded into discovery and after a discovery dispute between the parties, Plaintiff filed a motion to compel in January 2018. [51.] The Court granted that motion on February 6, 2017. [53.] Shortly thereafter, Plaintiff filed a notice informing the Court that he had accepted an offer of judgment from the GSA Defendants. [54; 54-1.] Plaintiff also filed a stipulation of dismissal with prejudice as to MASL on March 28, 2018, which resolved the case as to the only remaining Defendant. [57.]

---

[1] Multiplying the hours and rates submitted by Plaintiff produces a lodestar of $66,125, $703 more than the amount requested by the Plaintiff. [59, at 4.] Of that $703, $590.50 resulted from Plaintiff's counsel's apparent write-off of $590.50, or ~1.25 hours of Attorney Caffarelli's time on March 9 and 13, 2018. [59-1, at 2.] The remaining $112.50 can be explained by the fact that although Plaintiff claimed 27 hours for Zalewski [59, at 4], the sum of Paralegal Zalewski's time attributable to the GSA Defendants in the spreadsheet submitted to the Court only totaled 26.25 hours [59-1, at 2–7]. Consequently, the Court has reduced the submitted hours examined in Section II(A)(2) *infra* to reflect the hours actually charged to Plaintiff.

[2] Meza appeared as a Defendant for the first time in the First Amended Complaint. [41.]

The GSA Defendants' offer of judgment totaled $37,600 and was provided "exclusive of interest, reasonable costs, and attorneys' fees accrued by the Plaintiff to date [(March 5, 2018)] in an amount to be determined by the Court."[3] [55-1.] Plaintiff subsequently filed the instant statement of attorneys' fees and costs on April 19, 2018. [59.] After an initial review of the statement, the Court directed the GSA Defendants to file any objections to Plaintiff's claims by May 17, 2018 and set May 31, 2018 as the deadline for any reply. [60.] The Court later extended those deadlines to July 5, 2018 and July 19, 2018. [64.] None of the GSA Defendants ever filed objections to Plaintiff's requested fees or costs. Nonetheless, the Court must perform its own review to ensure that request's reasonableness.

II. Analysis

A. Attorney's Fees

The Court has an independent obligation to ensure all requested fees are reasonable. *Spellan v. Bd. of Educ. for Dist. 111*, 59 F.3d 642, 646 (7th Cir. 1995) ("[a] district court has an independent obligation to scrutinize the legitimacy of * * * [fee] submission[s]."). "When determining the reasonableness of attorneys' fees, a 'lodestar' analysis, which multiplies the attorneys' reasonable hourly rates by the number of hours reasonably expended, is typically the starting point." *A. Bauer Mechanical, Inc. v. Joint Arbitration Bd. of Plumbing Contractors' Ass'n and Chicago Journeymen Plumbers' Local Union 130, U.A.*, 562 F.3d 784, 793 (7th Cir. 2009). To determine an attorney's reasonable hourly rate, courts look to the "market rate" for the work performed, meaning "the rate that lawyers of similar ability and experience in the community

---

[3] This provision is consistent with the IWPCA, which entitles a successful plaintiff to recover costs and reasonable attorney's fees. 820 Ill. Comp. Stat. Ann. 115/14(a) ("* * * such employee shall also recover costs and all reasonable attorney's fees."). Additionally, where "a plaintiff is entitled to fees arising from one claim, that plaintiff may also obtain fees for other successful claims arising from the same common nucleus of facts." *Uniroyal Goodrich Tire Co. v. Mut. Trading Corp.*, 63 F.3d 516, 525 (7th Cir. 1995) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)).

3

normally charge their paying clients for the type of work in question." *Spegon v. Catholic Bishop of Chicago,* 175 F.3d 544, 554–55 (7th Cir. 1999). The burden of proving the market rate is on the party seeking attorneys' fees. *Id.* at 554. "[O]nce the attorney provides evidence establishing his market rate, the burden shifts to the [opposing party] to demonstrate why a lower rate should be awarded." *Id.* at 554–55. Because "[t]he best evidence of the value of the lawyer's services is what the client agreed to pay him," an attorney's actual billing rate is "presumptively appropriate" for use as the market rate. *Mostly Memories, Inc. v. For Your Ease Only, Inc.,* 594 F.Supp.2d 931, 934 (N.D. Ill. 2009) (citations omitted).

The party seeking attorneys' fees also bears the burden of proving the reasonableness of the number of hours worked. *McNabola v. Chicago Transit Authority,* 10 F.3d 501, 518 (7th Cir. 1993). "Hours spent are not reasonably expended if they are excessive, redundant, or otherwise unnecessary." *Stark v. PPM Am., Inc.,* 354 F.3d 666, 674 (7th Cir. 2004). The Court also must disallow "hours spent on tasks that would not normally be billed to a paying client, [and] those hours expended by counsel on tasks that are easily delegable to non-professional assistance." *Spegon,* 175 F.3d at 553 (internal citations omitted). The Court has broad discretion in setting the amount of the award, including reducing the claimed hours, so long as it explains deviations from the petitioner's claimed hours. *McNabola*, 10 F.3d at 519.

Finally, once the lodestar is determined, the Court must determine whether it is appropriate to adjust it upward or downward. *Sommerfield v. City of Chicago*, 863 F.3d 645, 650 (7th Cir. 2017). A downward adjustment may be appropriate where a plaintiff achieves "only partial or limited success[.]" *Montanez v. Simon*, 755 F.3d 547, 556 (7th Cir. 2014) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). On the other hand, an upward adjustment may be appropriate where the Plaintiff achieves "[e]xtraordinarily good results[.]" *Sommerfield*, 863 F.3d

4

at 650 (citing *Baker v. Lindgren*, 856 F.3d 498, 503 (7th Cir. 2017)). If a district court elects to reduce a fee award, it must "provide a 'concise but clear explanation of its reasons[.]'" *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 708 (7th Cir. 2001) (quoting *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 409 (7th Cir. 1999)). "In other words, the court cannot simply 'eyeball the fee request and cut it down by an arbitrary percentage because it seemed excessive to the court.'" *Id.* (quoting *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1314 (7th Cir. 1996)). But, nor is the Court "obligated to conduct a line-by-line review of the bills to assess the charges for reasonableness." *Rexam Beverage Can Co. v. Bolger*, 620 F.3d 718, 738 (7th Cir. 2010).

For the following reasons, the Court concludes that Plaintiff is entitled to attorney's fees in the amount of $63,372.50, the lodestar calculated by the Court.

1. **Hourly Rates**

Plaintiff seeks the following rates for his attorneys: $475 per hour for partner Alejandro Caffarelli ("Caffarelli"); $300 per hour for associate Alexis Martin ("Martin"); $325 an hour for associate Madeline Engel ("Engel"), and $375 an hour for of-counsel Lorrie Peeters ("Peeters"). [59-1, at 9–10.] He also seeks $150 an hour for paralegal Joanna Zalewski ("Zalewski"). [*Id.* at 10–11.] Each of these rates reflect the actual rates billed to the client. [59, at 5; 59-1, at 32–47.]

In support of these rates, Plaintiff has submitted the affidavits of his attorneys averring that the claimed rates are their actual billing rates [59-1, at 8–31], copies of the billing statements that reflect the requested rates [*Id.* at 32–47], affidavits from two comparable local attorneys regarding

their own rates [*Id.* at 57–63], and finally the most recent Laffey Matrix[4] [*Id.* at 64–67]. Because an attorney's actual billing rate is presumptively appropriate for use as the market rate, the billing statements and attorneys' affidavits are sufficient to shift the burden to the Defendants to show that Plaintiff's requested rates are not reasonable and that lower rates are appropriate. None of the Defendants have challenged the requested rates. Additionally, each of the claimed rates are significantly lower than the those for similarly experienced attorneys on the Laffey Matrix. [59-1, at 9–10]. Therefore, the Court concludes that the hourly attorney rates sought by Caffarelli, Martin, Engel, and Peeters are reasonable.

As to the rate for Zalewski, several recent decisions in this district have approved hourly rates ranging from $125 to $210 for paralegals. See, e.g., *Flora v. Dart*, 2018 WL 2765919, at *2 (N.D. Ill. June 9, 2018) (approving an hourly paralegal rate of $125 per hour in a § 1983 case); *Melikhov v. Drab*, 2018 WL 3190824, at *3 (N.D. Ill. May 21, 2018) (approving hourly paralegal rates from $185–$200 in a securities case); *West v. Credit Control Servs., Inc.*, 2017 WL 4938405, at *1 (N.D. Ill. Oct. 30, 2017) (approving an hourly rate of $210 for a paralegal in a consumer debt case). Given that Plaintiff's requested rate of $150 per hour falls on the low end of that scale, matches nearly exactly the Laffey Matrix rate [59-1, at 9–10], and that no Defendant has objected to the rate, the Court approves the $150 per hour rate for Zalewski.

---

[4] "The Laffey Matrix is a chart of hourly rates published by the U.S. Attorney's Office for the District of Columbia, which some circuits use to help determine a reasonable fee under fee-shifting statutes." *Montanez v. Simon*, 755 F.3d 547, 554 (7th Cir. 2014). The Seventh Circuit has expressed some skepticism about applying the Laffey Matrix outside Washington, D.C., and has left it to trial judges to exercise their discretion in evaluating its usefulness in any particular case. *Id.*

## 2. Number of Hours[5]

Plaintiff also has submitted the following hours for reimbursement: 96.25 for Caffarelli, 19.75 for Martin, 2 for Engel; 24.5 for Peeters, and 26.25 for Zalewski.[6] [59, at 4.] As explained above, the Court must exclude "hours spent on tasks that would not normally be billed to a paying client, [and] those hours expended by counsel on tasks that are easily delegable to non-professional assistance." *Spegon,* 175 F.3d at 553. For example, parties may not recover attorneys' fees or paralegals' fees for tasks that can be delegated to a non-professional. *Spegon*, 175 F.3d at 553 (7th Cir. 1999); *Delgado v. Vill. of Rosemont*, 2006 WL 3147695, at *2 (N.D. Ill. Oct. 31, 2006) (citing *Spegon*); see also *Missouri v. Jenkins*, 491 U.S. 274, 288–90 n.10 (1989) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."); *Morjal v. City of Chicago, Ill.*, 2013 WL 2368062, at *2 (N.D. Ill. May 29, 2013) ("[T]ime spent organizing file folders, preparing document[s], assembling filings, electronically filing documents, sending materials, docketing or logging case events into an internal case tracking system, and telephoning court reporters is noncompensable.") (internal quotations omitted). However, "fees-on-fees"—time spent preparing a fee petition—are generally recoverable. *Ustrak v. Fairmann*, 851 F.2d 983, 987–90 (7th Cir. 1988) (holding as such in civil rights cases).

For the following reasons, the Court reduces the requests hours by 0.25 for Caffarelli, 0.25 for Martin, 3.0 for Peeters, and 4.85 for Zalewski.

---

[5] Plaintiff asserts he has already excluded all the hours attributable to the one Defendant not covered by the offer of judgment—MASL—in his statement of fees. [See 59, at 3.] The Court's review of the submitted entries confirms this. [See 59-1, at 2–7.] The Court will not therefore reduce the requested hours any further. See *Phoenix Bond & Indem. Co. v. Bridge*, 2012 WL 6091112, at *5 (N.D. Ill. Dec. 7, 2012) ("attorney hours fairly devoted to one defendant that also support the claims against other defendants are compensable.") (quoting *Baughman v. Wilson Freight Forwarding Co.,* 583 F.2d 1208, 1214 (3d Cir. 1978)). But see *Baker v. Lindgren*, 856 F.3d 498, 505–06 (7th Cir. 2017) (approving the exclusion of hours solely attributable to a defendant from whom Plaintiff could not recover attorney's fees).

[6] The Court reduced the claims for Caffarelli and Zalewski pursuant to note 2 *supra*.

### a. Administrative or Better Suited for Support Staff

The following entries are excluded because they are either administrative in nature or better suited for support staff and not professional assistance. *Jenkins*, 491 U.S. at 288–90 n.10.

| Date | Professional | Activity | Hours Deducted |
|---|---|---|---|
| 1/17/2017 | Zalewski | Upload documents from client to box; multiple emails with attachments | .75 |
| 2/2/2017 | Zalewski | Correspondence with process server re: complaint and order; serving instruction | .35 |
| 2/10/2017 | Zalewski | Check on status of process service; email [Caffarelli] re: same | .25 |
| 7/11/2017 | Zalewski | Call judge's clerk regarding correction to settlement conference schedule | .25 |
| 11/13/2017 | Zalewski | Finalize and file affidavit of service; calendar due date | .25 |
| 1/30/2018 | Zalewski | Correspondence w/court reporter regarding new deposition dates for Meza and Gamboa | .25 |
| 2/19/2018 | Zalewski | Correspondence w/[Caffarelli] regarding rescheduling deps for 02/27; email re same to court reporter | .25 |
| 2/26/2018 | Zalewski | Correspondence w/OC regarding amended deposition notices and invoice for late cancellation | .25 |
| 2/26/2018 | Zalewski | Correspondence w/court reporter regarding late cancellation and new deposition date | .25 |
| 3/5/2018 | Zalewski | Confirm w/[Caffarelli] that depositions are moving forward; email court reporter re same | .25 |
| 3/9/2018 | Zalewski | Finalize and file acceptance of offer of judgment, per [Caffarelli] | .25 |
| 3/16/2018 | Martin | Call court deputy regarding offer of judgment | .25 |
| 3/20/2018 | Caffarelli | Telephone conference w/court reporter regarding entry of the offer of judgment | .25 |
| 3/30/2018 | Zalewski | Leave message regarding status on 04/04 for judge's clerk | .25 |
| 4/3/2018 | Zalewski | Finalize fee petition and exhibits for filing | 1.25 |

Consequently, the Court will reduce the hours requested for Zalewski by 4.85 hours, Martin by 0.25 hours, and Caffarelli by 0.25 hours.

### b. Excessive, Redundant, or Unnecessary Tasks

The Court must also exclude any hours that are "excessive, redundant or otherwise unnecessary." Because Defendants never filed a response Plaintiff's statement, a reply in support of the instant statement was unnecessary. Consequently, the three hours of Peeters' time requested by Plaintiff for drafting a reply must be excluded. [59-1, at 2.]

After making these adjustments, the Court approves the following hours for Plaintiff's attorneys and paralegals: 96 hours for Caffarelli, 19.5 hours for Martin, 2 hours for Engel; 21.5 hours for Peeters, and 21.4 hours for Zalewski. The approved rates and hours yields a lodestar of $63,372.50.

### 3. Lodestar Adjustment

The Court determines that the lodestar of $63,372.50 is presumptively reasonable and does not find any basis for either an upward or downward adjustment. First, Plaintiff has not requested an upward adjustment, and the Court has not identified any reason to grant one. Second, although the lodestar is larger than the offer of judgment, the Seventh Circuit has "rejected the notion that the fees must be calculated proportionally to damages." *Anderson v. AB Painting & Sandblasting Inc.*, 578 F.3d 542, 545 (7th Cir. 2009) (quoting *Alexander v. Gerhardt Enterprises*, Inc., 40 F.3d 187, 194 (7th Cir. 1994)). Still, the Seventh Circuit has explained that "a district court may consider proportionality as one factor in determining a reasonable fee." *Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 857 (7th Cir. 2009); see also *Sommerfield v. City of Chicago*, 863 F.3d 645, 652 (7th Cir. 2017) (recognizing the same).

Here, given the lodestar is approximately $63,000 and the offer of judgment totaled nearly $38,000, the Court concludes a downward adjustment of the lodestar on the grounds of proportionality is inappropriate. *Anderson*, 578 F.3d at 544, 546–47 (holding district court erred in reducing attorney's fees on the ground of proportionality where Plaintiff sought over $50,000 in fees for a judgment of approximately $6,500); see also *Tuf Racing Prod., Inc. v. Am. Suzuki Motor Corp.*, 223 F.3d 585 (7th Cir. 2000) (affirming fee award of over $391,000 for a jury verdict awarding plaintiff $137,000 in damages). The Court therefore awards Plaintiff the lodestar of $63,372.50 for his attorney's fees.

**B. Costs**

Plaintiff also requests $1,195 in "expenses": $300 for court reporter late cancellation fees, $495 for the fees incurred in the service of process, and $400 for the filing fee of this action. [59, at 2.] Because Plaintiff accepted the GSA Defendants' offer of judgment under Rule 68, which explicitly provided for Plaintiff's recovery of "reasonable costs" consistent with the IWPCA, Plaintiff is entitled his costs as of March 5, 2018. See 820 Ill. Comp. Stat. Ann. 115/14(a) ("* * * such employee shall also recover costs"); *Sanchez v. Prudential Pizza, Inc.*, 709 F.3d 689, 694 (7th Cir. 2013) (holding that if an offer of settlement under Rule 68 is even merely silent on the issue of costs, a plaintiff may recover the costs he has accrued as of the date of acceptance).

Nonetheless, parties seeking costs "must present enough supporting documentation to allow the Court to determine whether specific costs are reasonable and necessary." *Fischer v. Avanade, Inc.,* 2007 WL 3232494, at *1 (N.D. Ill. Oct.31, 2007). The Court "may reduce or deny reimbursement for any expenses that are not properly documented." *Fruit Belt Canning Co., Inc. v. Heinemann's Inc.,* 2006 WL 1430801, at *2 (N.D. Ill. May 17, 2006).

1. **Filing & Service Fees**

A prevailing party may recover filing fees and fees related to the time spent serving or attempting to serve subpoenas. 28 U.S.C. § 1920. Thus, Plaintiff may certainly recover the $400 filing fee he paid to initiate this case. [1.] However, although fees for the service of process are recoverable under 28 U.S.C. § 1920(1), they may not exceed the U.S. Marshals rate at the time that process was served. *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996). The applicable rate is $65 per hour. See 28 C.F.R. § 0.114(a)(3) ("For process served or executed personally— $65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses.") Plaintiff has not provided any documentation, such as invoices, to support the service fees. Consequently, the Court has no basis from which to determine whether the $495 in requested service fees are reasonable and necessary. Thus, the Court can only approve the $400 filing fee at this time and denies Plaintiff's request for service fees with leave to renew that request by submitting the necessary documentation on or before December 18, 2018.

2. **Late Cancellation Fees**

The Court must also deny Plaintiff's request for $300 in late cancellation fees arising out of the cancelled depositions. A litigant may recover a court reporter's cancellation fee. See, e.g., *Bianchi v. Law Office of Thomas Landis*, 2011 WL 1584179, at *4–5 (S.D. Fla. Apr. 26, 2011) (allowing the recovery of a cancellation fee). However, in cases both granting and denying requests for such fees, the courts considering such requests have reviewed the relevant invoices to determine whether to allow the costs. See, e.g., *Bianchi*, at 2011 WL 1584179, at *4–5 (allowing the recovery of the cancellation fee in question given it would have been incurred no matter when the deposition was cancelled); *Lasenbby v. State Farm Fire & Cas. Co.*, 2015 WL 3505320, at *2

(D. Nev. June 2, 2015) (denying defendant's request for a late-cancellation fee after reviewing the invoice and determining the fee at issue was incurred due to the defendant's own delay). Here again, Plaintiff has not provided any documentation to support these requested fees. Consequently, the Court denies the request for cancellation fees at this time with leave to renew the request by submitting the necessary documentation on or before December 18, 2018.

Thus, after reviewing the requested costs and for the reasons explained above, the Court awards Plaintiff $400 in costs.

## III.    Conclusion

For the foregoing reasons, the Court awards Plaintiff $63,372.50 in attorney's fees and $400 in costs, for a total of $63,772.50 to be paid by the GSA Defendants. Should Plaintiff decline to file any additional documentation in support of the denied costs by December 18, 2018, the Court shall enter final judgment in accordance with the accepted offer of judgment [54; 54-1], the stipulation of dismissal as to Defendant MASL Soccer, LLC [57], and this opinion no later than December 21, 2018 and close the case.

Dated: December 11, 2018

Robert M. Dow, Jr.
United States District Judge